UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT J. CHALMERS, individually )
and derivatively on behalf of MIDWEST )
AUTOMOTIVE DESIGNS, INC., )
)
            Plaintiffs )
)
     vs. ) CAUSE NO. 3:09-CV-232 RM
)
TIMOTHY GRAY and MIDWEST )
AUTOMOTIVE DESIGNS CORP., )
)
            Defendants )

OPINION and ORDER

This cause is before the court on the defendants' motion to dismiss the plaintiffs' complaint based on their argument that the court should abstain from exercising jurisdiction over this action "in light of the duplicative state court litigation pending in Elkhart Superior Court No. 2." Memo., at 6. The defendants claim the parties in this case and the state court action are the same, the parties' interests in the two actions are nearly identical, and both actions arise out of the same alleged facts and circumstances, so the actions should be considered parallel and abstention is proper. Mr. Chalmers has objected to the motion, which is now ripe for review.

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. *See* <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976). In exceptional

cases, however, a court should stay a lawsuit and "await the outcome of parallel proceedings as a matter of wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817. A court must first determine whether the federal and state proceedings are actually parallel. Tyrer v. City of South Beloit, Ill.,456 F.3d 744, 751 (7th Cir. 2006). "Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1154, 1156 (7th Cir. 1990). "The question is not whether the suits are formally symmetrical, but whether there is a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" AAR Int'l, Inc. v. Nimelias Enter., S.A., 250 F.3d 510, 518 (7th Cir. 2001) (*quoting* Day v. Union Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988)).

If the proceedings are parallel, the court must balance the considerations weighing in favor of and against abstention. Finova Capital v. Ryan Helicopters, 180 F.3d 896, 898 (7th Cir. 1999). Abstention is an exceptional measure, which requires consideration of the following factors: (1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious and contrived nature of the federal claim. Finova Capital v. Ryan

2

Helicopters, 180 F.3d 896, 898-899 (7th Cir. 1999) (*citing* Colorado River, 424 U.S. at 818). "In applying these requirements, there is a general presumption against abstention." Tyrer v. City of South Beloit, Ill., 456 F.3d 744, 751 (7th Cir. 2006) (internal quotation and citation omitted); *see also* Sverdrup Corp. v. Edwardsville Comm'y Unit Sch. Dist. No. 7, 125 F.3d 546, 550 (7th Cir. 1997) ("we treat as paramount the overriding rule that abstention is the exception"). "Indeed, the mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings." Clark v. Lacy, 376 F.3d 682, 685 (7th Cir. 2004).

A review of the complaints filed in the two actions reveals key differences. The parties in the Elkhart County litigation and in this court are not identical. In state court, Mr. Chalmers is the sole plaintiff and Timothy Gray and Midwest Inc. are the defendants. Here, Mr. Chalmers and Midwest Inc. are the plaintiffs and Timothy Gray and Midwest Corp. are the defendants. Even so, "the addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings." Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004). Actions need not be identical to be parallel, but "there should be a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004) (internal quotations and citations omitted). That isn't the case here. Mr. Chalmers sought and obtained the Elkhart County court's permission to obtain and review the financial books and records of Midwest Inc., but the granting of that relief doesn't dispose of his claims in this court, i.e. that he was wrongfully ousted from Midwest Inc. by Mr. Gray

3

and that Mr. Gray converted and/or fraudulently transferred the property and assets of Midwest Inc. to his new company, Midwest Corp., without compensation to Midwest Inc. or Mr. Chalmers. Thus, the two proceedings aren't parallel, and an analysis of the Colorado River factors isn't necessary to determine whether abstention is proper.

Based on the foregoing, the court DENIES the motion of Timothy Gray and Midwest Automotive Designs Corp. to dismiss the plaintiffs' complaint [Doc. No. 20].

SO ORDERED.

ENTERED:     June 18, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

4